WALTER L. WAGNER
532 N 700 E
Payson, Utah 84651
retlawdad@hotmail.com
808-443-6344

RECEIVED
AND FILED
2013 JUN 7 PM 1 30
U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| *In re* ) | Case No. 13-50833 |
| ) | |
| WORLD BOTANICAL GARDENS, INC. ) | **POINTS AND AUTHORITIES** |
| ) | **IN SUPPORT OF** |
| ) | **MOTION FOR APPOINTMENT** |
| ) | **OF A TRUSTEE AND IN** |
| ) | **OPPOSITION TO DEBTOR'S** |
| ) | **MOTIONS** |

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT OF A TRUSTEE AND IN OPPOSITION TO DEBTOR'S MOTIONS

Creditor Walter L. Wagner respectfully submits the following points and authorities in support of his motion for appointment of a trustee and in opposition to debtor World Botanical Gardens, Inc.'s (WBGI) motions in support of its reorganization plan.

### Introduction

The current management team of WBGI assumed the control of the company circa September 2004 following a disputed election. Certain shareholders who were unhappy with the change in course, notably Ron Tolman and other earliest shareholders, sought to prevent the current management team from taking control of the company finances for fear that they would bankrupt the company. Those shareholders were headed by Ron Tolman, an early shareholder, and they represented about 18% ownership interest in the company, whereas the current management team represented about 10% ownership interest. Mr. Tolman was particularly concerned due to the unlawful election in which the current management 'voted' the non-voting shares in order to 'win' the election. He was also quite concerned because the head of that management team, one Kenneth Francik, had been discovered to

2

be a felon who had been fired by the LAPD for felonies while employed by the LAPD and prosecuted by the District Attorney of Los Angeles for those felonies. He had also misrepresented his business experience background, claiming to have been operating a complex restaurant business when he was instead operating a simple turn-key hot-dog stand.

An agreement was reached in principle between Ron Tolman and the current management team's leadership, headed by Kenneth Francik, agreeing in principle not to waste shareholder money on litigation of their dispute. This was also negotiated with one Preston Michie, a minimal shareholder[1] who was a former Oregon attorney, working with Kenneth Francik, and who developed his own letterhead upon which the agreement was written. However, only a few days after entering that 'agreement' the Francik board voted to breach the agreement and begin spending shareholder money on litigation, rather than conducting a full and fair election as Mr. Tolman had expected. The Francik board's suits additionally named all of the members of Mr. Tolman's board, which board had received the approval of the WBGI attorney as having been properly constituted, making various false and malicious claims primarily against

---

[1] Preston Michie acquired a minimal interest in 2004 of 10 shares out of 19,000 issued, or approximately .05%

3

the garden founder (creditor Wagner) and his wife.

Following Mr. Tolman's unsuccessful effort to save WBGI from certain bankruptcy under the Francik leadership, the Francik team then redoubled their efforts against the founder (creditor Wagner) and his wife, seeking huge monetary claims for false and fictitious claims they lodged against them, as detailed in the accompanying affidavits. During that process, they also began stripping WBGI of its assets that had been accumulated by creditor Wagner during the decade he spent developing the company (1994 to 2004).

Preston Michie billed WBGI in excess of $100,000 (and remains listed as a creditor, though now for the approximately $30,000 he claims he has not yet been paid) for his 'legal work' in promoting the Francik frauds to the courts. The Francik board sold the WBGI lands to friends/associates/cronies of Francik and Michie. These lands that had been acquired for WBGI at great effort and great financial cost by creditor Wagner, over the course of several years commencing actually in 1988, were sold for well below marketable value, for less than the purchase price, without public offering, and by way of 'private placement'. Only the Francik board voted for such sales, though the original corporate By-Laws (which were never lawfully revoked as revocation required a 50+% majority vote, which the Francik board never had) required that all land sales required

4

the approval of 50+% of the shares that were issued.

After the looting of the Visitor Center account (from which approximately $200,000 was stolen by the Francik board), and the expenditure of the other monies in the operating account on fraudulent litigations[2], and the liquidation of the equity assets of WBGI, the Francik board (or, more properly, the remnants/successors thereof including Mr. Robinson and Mr. Bryant) now come to this Court and ask permission to 'reorganize'. There remains one last parcel of land (the so-called Visitor Center parcel of 26 acres) still retained by WBGI, and they seek permission to sell for well below its marketable value of some $1,500,000 and instead sell it at an "auction" or other venue wherein knowledgeable buyers in the Hawaii market would be unable to be aware of it, and whereby it would be unable to be listed with recognized Hawaii realtors, and they have it listed in their filings at its original purchase price notwithstanding the $1,000,000+ worth of development that has taken place on it. They instead

---

[2] These fraudulent litigations are more fully detailed in the accompanying affidavits. They include 1) the fraudulent 'defense' of creditor Wagner's claims in Hawaii court, which has been in court for nine years and sent back to trial court (now stayed) from the appellate court for final determination of the dollar amount owed to Wagner; 2) the fraudulent presentation of monetary claims in Nevada after agreeing with the Tolman board that no financial claims would be presented in that court; 3) the fraudulent 'sale' of Wagner's shares on the fraudulent claim that Wagner was not owed money by WBGI; and 4) the fraudulent "trial" in Hawaii from which WBGI excluded creditor Wagner's witness, and by necessity himself, precluding any form of fair trial on WBGI's fraudulent claims.

plan to have selected members of the Francik board (likely Mr. Bryant and Mr. Robinson) purchase it with their claimed creditor status, have the title transferred to them for essentially no exchange of money, leaving the WBGI shareholders with no tangible asset whatsoever. They would then, following a suitable period of waiting, again approach the court claiming they were unable to make a go of the business, and seek a 'winding up' of the affairs of WBGI.

This long series of frauds, commencing actually in 2004 with the fraudulent election of the Francik board, and continuing thereafter over the course of many years, simply shows that the Francik board has never legitimately had the interests of the 600+ shareholders at heart, and instead they have been entirely self-serving to the detriment of the shareholders.

## RELIEF ALLOWABLE PURSUANT TO MOTION

Rule 9014 of the Federal Rules of Bankruptcy Procedure provides that a creditor may seek relief by way of motion, and reads:

> (a) MOTION. In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

6

Debtor WBGI currently has (stayed) adversary proceedings pending against it in state court in Hawaii (*Wagner v. WBGI*) and in federal court in Utah (*Wagner v. Michie, WBGI, et al.*). These claims include approximately $900,000 in Hawaii for unpaid services between 1995 to 2004, and a far greater amount in Utah (to exceed the fraudulent judgment WBGI obtained against Wagner). Debtor WBGI has been aware of the necessity of filing for bankruptcy since its vote in January 2013 to do so, but has delayed its filing to better position the members of the Francik board to reap the benefits of the filing, as they have reaped the benefits of the liquidation of the real estate and bank account assets of WBGI.

Due to the extensive frauds by the current WBGI board detailed in the accompanying affidavits, that board needs to be removed from all further financial matters involving WBGI, allowing instead for a Trustee to review the finances and determine whether WBGI is viable and requires the appointment of a Receiver to revive the company, or non-viable and requiring dissolution with the little remaining assets used to satisfy only valid obligations with the remaining proceeds, if any, disbursed amongst the shareholders of original record.

Due to the potential that certain members of the Francik board might elect to actually renounce the frauds of Kenneth Francik, and work to re-establish WBGI as a viable company without its fraudulent litigations and false defenses of claims against it, and instead work to settle those claims via negotiation, it is also requested that creditor Wagner be allowed to contact selected individuals of the Francik board (notably Steve Bryant and/or Mark Robinson) to determine whether they wish to settle the existing lawsuits currently pending against WBGI. It is also requested that if the Trustee determines that WBGI can be made viable, that Mr. Cal Andrus be appointed as a Receiver. He has had a request for appointment as WBGI's Receiver pending in the federal suit in Utah, and it would be appropriate to have him appointed as a Receiver herein.

DATED:   June 2, 2013


_____
Walter L. Wagner

8