LOUIS M. BUBALA III, ESQ.
Nevada State Bar #8984
Armstrong Teasdale LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: lbubala@armstrongteasdale.com

Attorney for Creditor
Experience Based Learning, Inc.

ELECTRONICALLY FILED ON
September 10, 2013

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>WORLD BOTANICAL GARDENS, INC.<br><br>Debtor. | CASE NO.:  BK-N-13-50833-BTB<br>Chapter 11<br><br>**OBJECTION TO FORM OF ORDER, WITH CERTIFICATE OF SERVICE**<br><br>**[DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS AND DECLARATON OF STEVE GUSTAFSON IN SUPPORT OF OBJECTION TO DEBTOR'S MOTION TO SELL SUBSTANTIALLY ALL OF DEBTOR'S ASSETS]**<br><br><u>Prior Motion Hearing Information</u><br>Hearing Date: August 28, 2013<br>Hearing Time: 10:00 a.m. |

On August 28, 2013, the Court orally granted Debtor's sale motion.  On Tuesday, September 3, Debtor's counsel circulated a proposed order, attached as Exhibit 1.  The order states the buyer will provide "Payment in Full of Debtor's Unsecured Debts."  *Id.* at 3, ¶6.  The order further states that the buyer "shall pay in full, and is expressly assuming full and complete legal responsibility and obligation for, the following of Debtor's unsecured debts ("Assumed Unsecured Debts"), which consist of the following: … Experience Based Learning, LLC, $3,300."  *Id.* at 4, ¶8.

1

On Friday, September 6, 2013, Experience Based Learning, Inc. ("EBL") disapproved the form of the order because it does not pay Debtor's unsecured debt to EBL in full.  On September 3, 2013, EBL filed its proof of claim for an unsecured debt of $47,505 for breach of contract (Cl. Reg. #5), and the proposed confirmation order only provides for payment of 7 percent of that unsecured claim.  The proposed order does not even provide for full payment of the uncontested unsecured debt owed to EBL as scheduled by Debtor for $6,569.48 (Ct. Dkt. #14, Sch. F).

On Friday, September 6, 2013, counsel for Debtor and EBL spoke by phone.  Debtor's counsel advised that he would be speaking with his client's representative later in the day and would discuss the amount with him.  As of 4:05 p.m., Tuesday, September 10, 2013, EBL's counsel has not received further response from Debtor's counsel.  EBL's counsel left a message for Debtor's counsel on the morning of September 10, 2013, in an attempt to find a resolution, but they have not yet spoken.  Therefore, EBL files this objection and a competing order that provides EBL with payment in full on its allowed unsecured proof of claim.  EBL's proposed form of order is attached as Exhibit 2.

Dated this 10th day of September, 2013          ARMSTRONG TEASDALE LLP

By: /s/Louis M. Bubala III

LOUIS M. BUBALA III, ESQ.

Counsel for Experience Based Learning, Inc.

## CERTIFICATE OF SERVICE

1.    On **Sept. 10, 2013**, , I served the following document(s):

**OBJECTION TO FORM OF ORDER, WITH CERTIFICATE OF SERVICE**

2.    I served the above-named document(s) by the following means to the persons as listed below:

■ a.    **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

LOUIS M. BUBALA, III on behalf of Creditor EXPERIENCE BASED LEARNING, INC.
lbubala@armstrongteasdale.com, bsalinas@armstrongteasdale.com

KEVIN A. DARBY on behalf of Debtor WORLD BOTANICAL GARDENS, INC.
kevin@darbylawpractice.com,
sarah@darbylawpractice.com;alecia@darbylawpractice.com;itati@darbylawpractice.com;sawyer
@darbylawpractice.com

ROBERT W STORY on behalf of Debtor WORLD BOTANICAL GARDENS, INC.
rstory@storylaw.net

U.S. TRUSTEE - RN - 11
USTPRegion17.RE.ECF@usdoj.gov

■ b.    **United States mail, postage fully prepaid** (list persons and addresses):

LOUIS PRATT
14023 OASIS ROAD
CALDWELL, ID 83607

WALTER L. WAGNER
532 N 700 E
PAYSON, UT 84651

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 10th day of September, 2013

L. Bubala                                              /s/ *L. Bubala*                              .
   Name                                                            Signature

3

# EXHIBIT 1

# EXHIBIT 1

KEVIN A. DARBY, NVSB#7670
TRICIA M. DARBY, NVSB#7956
DARBY LAW PRACTICE, LTD.
4777 Caughlin Parkway
Reno, Nevada 89519
Telephone: (775) 322-1237
Facsimile: (775) 996-7290
E-mail: kevin@darbylawpractice.com

Attorney for Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

WORLD BOTANICAL GARDENS, INC.,

                    Debtor.

_____

CASE NO.:   BK-N-13-50833-BTB
Chapter 11

**ORDER UNDER 11 U.S.C. §§ 363 & 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES**

Hearing Date:  August 28, 2013
Hearing Time: 10:00 a.m.

Upon the *Motion To Sell Substantially All of Debtor's Assets*, filed August 18, 2013 [Dkt. 76] (the "Motion") by Debtor WORLD BOTANICAL GARDENS, INC. (the "Debtor" or "Seller"), in which Debtor seeks an order under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004,

6006, and 9014 approving the sale of substantially all of the Debtor's assets free and clear of liens, claims, and encumbrances (the "Sale") to BWA, LLC (the "Purchaser"), (ii) the assumption by the Seller and assignment to the Purchaser of certain executory contracts and unexpired leases and (iii) the assumption of certain liabilities by the Purchaser; the Court having reviewed the Motion; and the Motion having come before this Court on a duly noticed hearing, and having considered all objections and arguments for and against the Motion, and good cause appearing; and finding

1. The Debtor's real property assets ("Debtor's Real Property") consist of the following:

| Description | Value | Secured Debt |
|---|---|---|
| 26.27 Acres of Real Property and associated land grants near Hilo, HI; Tax Map Key No. (3) 3-1-001 :105 | $389,337 | $749,000 |
| Easement for Rainforest Access | $1.00 | $0 |
| **Total** | **$389,338** | **$749,000** |

2. The Debtor's personal property assets used in the operation of its business ("Debtor's Business Assets") consists of the following:

| Description | Value | Secured Debt | Debtor's Equity |
|---|---|---|---|
| Cash On Hand | $29,454.28 | $0.00 | $29,454.28 |
| Server, 3 Laptops & 1 Desktop Computer | $1,500.00 | $0.00 | $1,500.00 |
| Rental Shoes & Ponchos | $100.00 | $0.00 | $100.00 |
| Cameras | $300.00 | $0.00 | $300.00 |
| Accounts Receivable | $18,886.41 | $0.00 | $18,886.41 |
| Copyrights, trademarks, service marks, trade secrets, and all other intellectual property | $1.00 | $0.00 | $1.00 |
| Customer Lists, Permits, Inspections, Reports Certificates of Certification of Guides, Membership in PRCA | $1.00 | $0.00 | $1.00 |
| Mini Bus, Van, Flatbed Dump Truck | $10,767.84 | $14,256.79 | $0.00 |
| Office Equipment & Furniture | $207.13 | $0.00 | $207.13 |
| Tractor, Mower, 12 Segways, Tools, Storage Container and all other personal property | $65,181.86 | $18,052.90 | $47,128.96 |
| Gift Shop Inventory | $7,184.55 | $0.00 | $7,184.55 |
| **Total** | **$133,584.07** | **$32,309.19** | **$104,763.33** |

3. Debtor also owns the following assets ("Debtor's Other Personal Property"):

| Description | Value |
|---|---|
| Hawaii Judgment against W.L Wagner & D. Perkins ("Hawaii Judgment") | $3,098,352.76 |
| Nevada Judgments against W.L Wagner & D. Perkins ("Nevada Judgment") | $456,939.19 |
| **Total** | **$3,555,291.95** |

4.  The Debtor is a party to the following executory contracts and unexpired leases, which they will assume and assign to BWA, LLC as part of the proposed sale of its assets (the "Assumed Contracts/Leases"):

| Other Party | Description |
|---|---|
| Richard Alderson | Zip line and adjacent trails property |
| Richard & Virginia Alderson | Kamaee Waterfall overlook and access road |
| Day-Lum Rental & Management, Inc. | Hilo office lease |

5.  Debtor's Motion seeks an order approving the sale of substantially all of Debtor's assets to BWA, LLC for cash and other consideration with a total value of **$931,018.61**, to BWA, LLC. The assets being sold to BWA, LLC include the following (the "Purchased Assets"):

| Asset | Fair Market Value |
|---|---|
| Debtor's Real Property | $389,337.00 |
| Debtor's Business Assets | $133,584.07 |
| 50% Undivided Interest in the Hawaii Judgment | $1.00 |
| 50% Undivided Interest in the Nevada Judgment | $1.00 |
| The Assumed Leases/Contracts | $1.00 |
| Intangibles/Good Will | $150,000.00 |
| **Total Value of Assets Being Sold** | **$672,924.07** |

6.  BWA, LLC has offered the following consideration to acquire the Purchased Assets:

| Consideration | Value |
|---|---|
| Full, Complete and Unconditional Assumption of Debtor's Secured Debts | $840,773.69 |
| Payment in Full of Debtor's Unsecured Debts | $80,244.92 |
| Cash Payment To Estate for Administrative Expenses | $10,000.00 |
| **Total Value Consideration Paid** | **$931,018.61** |

7.  BWA, LLC is expressly assuming full and complete legal responsibility and obligations for Debtor's secured debts ("Debtor's Secured Debts"), which consist of the following:

| Secured Creditor | Claim Amount | Collateral/Value |
|---|---|---|
| Golden Oak Developers | $114,543.76 | Real Property: $389,337 |
| Leslie Cobos | $38,181.24 | Real Property: $389,337 |
| Bryant Properties, LLC | $164,062.50 | Real Property: $389,337 |
| Mark Robinson | $328,552.00 | Real Property: $389,337 |
| Mark Robinson | $163,125.00 | Real Property: $389,337 |
| Central Pacific Bank | $14,256.29 | Van: $7,270.21 |
| Kubota Credit | $18,052.90 | Tractor: $18,530.07 |
| **Total** | **$840,773.69** | **$415,137.28** |

8.    BWA, LLC shall pay in full, and is expressly assuming full and complete legal responsibility and obligation for, the following of Debtor's unsecured debts ("Assumed Unsecured Debts"), which consist of the following:

| Creditor | Claim Amount |
|---|---|
| Bank of America | $19,698.10 |
| Barry Mittan | $566.43 |
| Mark Robinson | $2,323.83 |
| Marketing Solutions NW | $5,730.49 |
| Preston's Photos, LLC | $2,000.00 |
| Sales and Marketing Services | $2,080.00 |
| Steve Bryant | $6,514.18 |
| Richer & Overholt PC | $6,524.89 |
| John F. Bradley, Jr., Esq. | $1,382.00 |
| Preston Michie, Esq. | $30,125.00 |
| Experienced Based Learning, LLC | $3,300.00 |
| **Total** | **$80,244.92** |

9.    The Debtor is rejecting its contracts with Experienced Based Learning, Inc. and Segway Hawaiian, LLC, and those contracts are not being assigned to BWA, LLC as part of the proposed sale of Debtor's assets.  BWA, LLC shall have no obligation or responsibility to Experienced Based Learning, Inc. or Segway Hawaiian, LLC, and will not assume any liability resulting from the rejection of the contracts Experienced Based Learning, Inc. and Segway Hawaiian, LLC, which claim shall remain a claim against the Debtor's bankruptcy estate.

10.    BWA, LLC is not acquiring, or assuming any liability with respect to, certain executory contracts with Experience Based Learning Inc. and Segway Hawaiian, unless these agreements are modified and accepted by BWA, LLC prior to closing.

11.    BWA, LLC is not assuming any liability or responsibility for claims by Walter Wagner or his affiliates and all other parties acting in concert with Walter Wagner.

12.    BWA, LLC is acquiring the Purchased Assets "as is", without warranties or representations.

13.    The Purchased Assets shall be acquired by BWA, LLC free and clear of any lien, claim or encumbrance, except for Debtor's Secured Debtors, which BWA, LLC has expressly assumed.

14.    BWA, LLC shall not assume any liability not expressly listed and assumed in this Order.

15.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

16.  The Seller is the sole and lawful owner of the assets to be sold to BWA, LLC.

17.  No qualifying or competing bids were submitted.

18.  The offer of Purchaser to purchase the Debtor' assets is the highest and best offer received for the sale of the assets.

19.  The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value and reasonable market value for the Debtor's assets.

20.  Purchaser is a good faith purchaser with respect to the assets, as that term is used in section 363(m) of the Bankruptcy Code. The sale to BWA, LLC was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and the Purchaser therefore is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the assets. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the sale to be voided under section 363(n) of the Bankruptcy Code.

21.  Except as specifically provided in this Order, Purchaser shall not assume or become liable for any pre-petition liens, claims, interests and/or encumbrances relating to the assets being sold by the Seller, unless expressly stated in the Motion or this Order. Any valid and enforceable liens, claims, interests and/or encumbrances shall attach to the proceeds of the sale with the same priority, validity, and enforceability as they had immediately before the closing of the sale.

22.  The Debtor has articulated sound business reasons for selling the Assets as set forth in the Motion outside of a chapter 11 plan, and it is a reasonable exercise of the Debtor's business judgment to execute, deliver and consummate the sale with the Purchaser and consummate the transactions contemplated by the Motion and as set forth in this Order.

23.  The terms and conditions of the sale, including the total consideration to be realized by the Seller, are fair and reasonable, and the transactions contemplated by the Motion, as approved by this Order, are in the best interests of the Debtor, its creditors and estate.

24.  A valid business purpose exists for approval of the transactions contemplated by the

Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code. The Seller may sell, transfer and assign its assets free and clear of all liens, claims, interests and/or encumbrances in accordance with sections 105 and 363 of the Bankruptcy Code.  As a condition to purchasing the assets, the Purchaser requires that (a) the assets be sold free and clear of all liens, claims, encumbrances, options, rights of first refusal and other interests; and (b) the Purchaser shall have no liability whatsoever for any obligations of or claims (including without limitation as defined in section 101(5) of the Bankruptcy Code) against the Seller except those expressly assumed in this Order. Purchaser would not enter into the sale and consummate the transactions contemplated by the Motion, thus adversely affecting the Debtor's estate, if the sale to Purchaser was not free and clear of all such liens, claims, encumbrances, options, rights of first refusal and other interests or if Purchaser was or would be liable for any such obligations of or claims (including, without limitation, as defined in section 101(5) of the Bankruptcy Code) against the Seller, except as otherwise explicitly provided in the Agreement or this Order.

25.   The transfer of the assets to the Purchaser is or will be a legal, valid and effective transfer of the assets, and will vest the Purchaser with all right, title and interest in and to the assets, free and clear of all liens, claims, interests and/or encumbrances, except those explicitly and expressly excluded by the Purchaser in this Order.

26.  A valid business purpose exists for approval of the assumption and assignment of the Assumed Contracts by the Seller to the Purchaser in accordance with 11 U.S.C. §365.

27.  The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other applicable law relating to the sale of the assets have been satisfied.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

**A. SALE OF ASSETS APPROVED; TRANSACTIONS AUTHORIZED.**

28.  The Motion is GRANTED.

29.  All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are overruled on the merits and denied.

30.  The Motion, sale and the transactions contemplated thereby are approved as modified by

this Order, and the Seller is hereby authorized and empowered to enter into, and to perform their obligations and to act as necessary to effectuate the sale without further corporate authorization or Order of this Court.

**B. TRANSFER OF THE ASSETS TO PURCHASER.**

31.  The transfer of the assets to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Seller in and to the Assets so transferred.

32.  This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Seller and Purchaser and their respective successors and assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Seller or any trustee appointed in a chapter 7 case if the Debtor's case is converted from chapter 11.

33.  The provisions of this Order authorizing the sale of the Assets free and clear of Liens and Claims (with such Liens and Claims to attach to the proceeds of the sale of the Assets as provided in this Order) shall be self-executing, and neither the Seller, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Agreement or this Order. Without in any way limiting the foregoing, Purchaser is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

34.  All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of the Assets to the Purchaser on the Closing Date.

**C. ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS AUTHORIZED.**

35.  The requirements of section 365(b) of the Bankruptcy Code having been satisfied, the Seller is hereby authorized and empowered to assume and assign and sell the Assumed Contracts to the Purchaser under the Agreement free and clear of all Liens and Claims pursuant to sections 363 and 365 of the Bankruptcy Code.

36. Pursuant to section 365(k) of the Bankruptcy Code, effective upon the assignment of the Assumed Contracts to the Purchaser hereunder, the Seller shall be relieved from any further obligations under or related to the Assumed Contracts.

**D. GOOD FAITH PURCHASE.**

37. The purchase by Purchaser is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and Purchaser is entitled to all of the protections afforded good faith purchasers by section 363(m) of the Bankruptcy Code.

38. The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. The consideration provided by Purchaser for the Assets under the Agreement shall be deemed to constitute reasonably equivalent value and fair consideration.

**E. MAINTENANCE OF FINANCIAL RECORDS; ACCESS THERETO.**

39. Notwithstanding anything to the contrary contained in the Agreement, all financial books and records of Seller which remain in the possession of Purchaser after the Closing Date (the "Financial Records"), are subject to the right of the Debtor, the Committee and any subsequently appointed trustee (including without limitation a trustee appointed pursuant to a plan of reorganization to liquidate the Debtor's remaining assets) to review and copy the Financial Records, at such trustee's sole cost and expense, during normal business hours and upon reasonable notice until the date the Debtor's bankruptcy case are closed or dismissed by Order of the Court.

40. The Purchaser agrees that prior to destroying or otherwise disposing of any of the Financial Records, Purchaser shall provide written notice to the Debtor (as provided for in the Agreement) and/or the Committee or any trustee appointed, of its intent to dispose of or destroy the Financial Records. The Seller and/or Committee or trustee appointed shall have thirty (30) days from the date notice is given to take possession of or copy the Financial Records, at their sole cost and expense.

**F. INJUNCTION**

41. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer substantially all of Debtor's assets to the

Purchaser in accordance with this Order. Following the Closing Date, except for persons entitled to enforce assumed liabilities and permitted liens, all persons (including, but not limited to, the Debtor and/or their respective successors (including any trustee), creditors, investors, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding interests in the acquired assets or against the Debtor in respect of the acquired assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature whatsoever against the Purchaser or any affiliate of the Purchaser or any of their respective property successors and assigns, or the acquired assets, as an alleged successor or on any other grounds, it being understood that nothing herein shall affect assets of the Debtor that are not acquired assets.

42.  No Person shall assert, and the Purchaser and the acquired assets shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtor, or any obligation of any other party, under or with respect to, any Acquired Assets, with respect to any act or omission that occurred prior to the closing or with respect to any other agreement or any obligation of Debtor that is not an expressly assumed liability.

43.  Following the closing of the sale to BWA, LLC, no holder of any Interest shall interfere with the Purchaser's title to, or use and enjoyment of, the acquired assets based on, or related to, any such interest, or based on any actions the Debtor may take in its Chapter 11 Case.

**G.  TRANSFER FOR POST OFFICE BOXES, PHONE NUMBERS AND UTILITIES.**

44.  The following Post Office Boxes shall be transferred from Debtor to BWA, LLC:

| | |
|---|---|
| PO Box 324 | PO Box 174 |
| Honomu, HI 96727 | Hakalau, HI 96710 |

45.  The following telephone numbers shall be transferred from Debtor to BWA, LLC:

|  |  |  |
|---|---|---|
| 808-963-5427 | 888-947-4753 | 808-934-9105 |
| 808-934-9106 | 808-963-5441 | 808-963-5442 |
| 808-895-8459 | | |

**H. ADDITIONAL DECREES.**

46. The recitals and findings of facts set forth above are hereby incorporated as a part of this Order.

47. As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

48.  The provisions of this Order are nonseverable and mutually dependent.

49. Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

50. This Order shall be binding upon and inure to the benefit of the Debtor, Purchaser, Committee, and each of their respective former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, shareholders, principals, members or agents, whether a signatory hereto or not, including, but not limited to, any subsequently appointed trustee (including without limitation a chapter 7 trustee).

51. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Motion and to resolve any dispute concerning this Order, the Motion, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Motion and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and the status, nature and extent of the Assets, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of

Liens and Claims.

52. The division of this Order into sections or other subdivisions and the insertion of headings are for convenience of reference only and shall not affect or be utilized in construing or interpreting this Order.

53. Entry of this Order is in the best interests of the Debtor, the Debtor's estate, its creditors, and other parties in interest.

IT IS SO ORDERED.

SUBMITTED BY:

DARBY LAW PRACTICE, LTD.

*/s/ Kevin A. Darby, Esq.*
By:_____
   KEVIN A. DARBY, ESQ.
   Counsel for Debtor

Approved/Disapproved By:

ARMSTRONG TEASDALE, LLP

By:_____
   LOUIS M. BUBALA III, ESQ.
   Counsel for Experienced Based Learning, Inc.

Approved/Disapproved By:

By:_____
   CAL ANDRUS

Approved/Disapproved By:

By:_____
   WALTER WAGNER

# # #

In accordance with LR 9021, counsel submitting this document certifies as follows:

_____    The Court has waived the requirement of approval under LR 9021.

____X____    This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated on said order.

_____    I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objections.

_____    No party appeared at the hearing or filed an objection to the motion.

                                        DARBY LAW PRACTICE, LTD.

                                By: ____/s/ Kevin A. Darby_____
                                       KEVIN A. DARBY, ESQ.
                                       Attorney for Debtor and
                                       Debtor in Possession

# EXHIBIT 2

# EXHIBIT 2

1

2

3

4

5

6 LOUIS M. BUBALA III, ESQ.
Nevada State Bar #8974
7 ARMSTRONG TEASDALE LLP
8 50 W. Liberty, Suite 950
Reno, NV 89501
9 Telephone: 775.322.7400
10 Facsimile: 775.322.9049
11 Email: lbubala@armstrongteasdale.com
Attorney for Creditor
12 Experience Based Learning, Inc.

13

14                    **UNITED STATES BANKRUPTCY COURT**

15                          **DISTRICT OF NEVADA**

16

| | |
|---|---|
| In re: | CASE NO.: BK-N-13-50833-BTB |
| | Chapter 11 |
| WORLD BOTANICAL GARDENS, INC., | **ORDER UNDER 11 U.S.C. §§ 363 & 365 AND FED. R. BANKR. P. 2002, 6004, 6006, AND 9014 AUTHORIZING AND APPROVING (I) SALE OF SUBSTANTIALLY ALL ASSETS OF THE DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) ASSUMPTION OF CERTAIN LIABILITIES** |
| Debtor. | |
| | Hearing Date: August 28, 2013 |
| | Hearing Time: 10:00 a.m. |

26          Upon the *Motion To Sell Substantially All of Debtor's Assets*, filed August 18, 2013 [Dkt. 76]

27 (the "Motion") by Debtor WORLD BOTANICAL GARDENS, INC. (the "Debtor" or "Seller"), in

28 which Debtor seeks an order under 11 U.S.C. §§ 363 and 365 and Fed. R. Bankr. P. 2002, 6004,

6006, and 9014 approving the sale of substantially all of the Debtor's assets free and clear of liens, claims, and encumbrances (the "Sale") to BWA, LLC (the "Purchaser"), (ii) the assumption by the Seller and assignment to the Purchaser of certain executory contracts and unexpired leases and (iii) the assumption of certain liabilities by the Purchaser; the Court having reviewed the Motion; and the Motion having come before this Court on a duly noticed hearing, and having considered all objections and arguments for and against the Motion, and good cause appearing; and finding

1.  The Debtor's real property assets ("Debtor's Real Property") consist of the following:

| Description | Value | Secured Debt |
|---|---|---|
| 26.27 Acres of Real Property and associated land grants near Hilo, HI; Tax Map Key No. (3) 3-1-001 :105 | $389,337 | $749,000 |
| Easement for Rainforest Access | $1.00 | $0 |
| **Total** | **$389,338** | **$749,000** |

2.  The Debtor's personal property assets used in the operation of its business ("Debtor's Business Assets") consists of the following:

| Description | Value | Secured Debt | Debtor's Equity |
|---|---|---|---|
| Cash On Hand | $29,454.28 | $0.00 | $29,454.28 |
| Server, 3 Laptops & 1 Desktop Computer | $1,500.00 | $0.00 | $1,500.00 |
| Rental Shoes & Ponchos | $100.00 | $0.00 | $100.00 |
| Cameras | $300.00 | $0.00 | $300.00 |
| Accounts Receivable | $18,886.41 | $0.00 | $18,886.41 |
| Copyrights, trademarks, service marks, trade secrets, and all other intellectual property | $1.00 | $0.00 | $1.00 |
| Customer Lists, Permits, Inspections, Reports Certificates of Certification of Guides, Membership in PRCA | $1.00 | $0.00 | $1.00 |
| Mini Bus, Van, Flatbed Dump Truck | $10,767.84 | $14,256.79 | $0.00 |
| Office Equipment & Furniture | $207.13 | $0.00 | $207.13 |
| Tractor, Mower, 12 Segways, Tools, Storage Container and all other personal property | $65,181.86 | $18,052.90 | $47,128.96 |
| Gift Shop Inventory | $7,184.55 | $0.00 | $7,184.55 |
| **Total** | **$133,584.07** | **$32,309.19** | **$104,763.33** |

3.  Debtor also owns the following assets ("Debtor's Other Personal Property"):

| Description | Value |
|---|---|
| Hawaii Judgment against W.L Wagner & D. Perkins ("Hawaii Judgment") | $3,098,352.76 |
| Nevada Judgments against W.L. Wagner & D. Perkins ("Nevada Judgment") | $456,939.19 |
| **Total** | **$3,555,291.95** |

4.  The Debtor is a party to the following executory contracts and unexpired leases, which they will assume and assign to BWA, LLC as part of the proposed sale of its assets (the "Assumed Contracts/Leases"):

| Other Party | Description |
|---|---|
| Richard Alderson | Zip line and adjacent trails property |
| Richard & Virginia Alderson | Kamaee Waterfall overlook and access road |
| Day-Lum Rental & Management, Inc. | Hilo office lease |

5.  Debtor's Motion seeks an order approving the sale of substantially all of Debtor's assets to BWA, LLC for cash and other consideration with a total value of **$931,018.61**, to BWA, LLC. The assets being sold to BWA, LLC include the following (the "Purchased Assets"):

| Asset | Fair Market Value |
|---|---|
| Debtor's Real Property | $389,337.00 |
| Debtor's Business Assets | $133,584.07 |
| 50% Undivided Interest in the Hawaii Judgment | $1.00 |
| 50% Undivided Interest in the Nevada Judgment | $1.00 |
| The Assumed Leases/Contracts | $1.00 |
| Intangibles/Good Will | $150,000.00 |
| **Total Value of Assets Being Sold** | **$672,924.07** |

6.  BWA, LLC has offered the following consideration to acquire the Purchased Assets:

| Consideration | Value |
|---|---|
| Full, Complete and Unconditional Assumption of Debtor's Secured Debts | $840,773.69 |
| Payment in Full of Debtor's Unsecured Debts | $124,449.92 |
| Cash Payment To Estate for Administrative Expenses | $10,000.00 |
| **Total Value Consideration Paid** | $975,223.61 |

7.  BWA, LLC is expressly assuming full and complete legal responsibility and obligations for Debtor's secured debts ("Debtor's Secured Debts"), which consist of the following:

| Secured Creditor | Claim Amount | Collateral/Value |
|---|---|---|
| Golden Oak Developers | $114,543.76 | Real Property: $389,337 |
| Leslie Cobos | $38,181.24 | Real Property: $389,337 |
| Bryant Properties, LLC | $164,062.50 | Real Property: $389,337 |
| Mark Robinson | $328,552.00 | Real Property: $389,337 |
| Mark Robinson | $163,125.00 | Real Property: $389,337 |
| Central Pacific Bank | $14,256.29 | Van: $7,270.21 |
| Kubota Credit | $18,052.90 | Tractor: $18,530.07 |
| **Total** | **$840,773.69** | **$415,137.28** |

8.   BWA, LLC shall pay in full, and is expressly assuming full and complete legal responsibility and obligation for, the following of Debtor's unsecured debts ("Assumed Unsecured Debts"), which consist of the following:

| Creditor | Claim Amount |
|----------|--------------|
| Bank of America | $19,698.10 |
| Barry Mittan | $566.43 |
| Mark Robinson | $2,323.83 |
| Marketing Solutions NW | $5,730.49 |
| Preston's Photos, LLC | $2,000.00 |
| Sales and Marketing Services | $2,080.00 |
| Steve Bryant | $6,514.18 |
| Richer & Overholt PC | $6,524.89 |
| John F. Bradley, Jr., Esq. | $1,382.00 |
| Preston Michie, Esq. | $30,125.00 |
| Experienced Based Learning, LLC | $47,505.00 |
| **Total** | **$ 124,449.92** |

9.   The Debtor is rejecting its contracts with Experienced Based Learning, Inc. and Segway Hawaiian, LLC, and those contracts are not being assigned to BWA, LLC as part of the proposed sale of Debtor's assets.  BWA, LLC shall have no obligation or responsibility to Experienced Based Learning, Inc. or Segway Hawaiian, LLC, and will not assume any liability resulting from the rejection of the contracts Experienced Based Learning, Inc. and Segway Hawaiian, LLC, which claim shall remain a claim against the Debtor's bankruptcy estate.

10.   BWA, LLC is not acquiring, or assuming any liability with respect to, certain executory contracts with Experience Based Learning Inc. and Segway Hawaiian, unless these agreements are modified and accepted by BWA, LLC prior to closing.

11.   BWA, LLC is not assuming any liability or responsibility for claims by Walter Wagner or his affiliates and all other parties acting in concert with Walter Wagner.

12.   BWA, LLC is acquiring the Purchased Assets "as is", without warranties or representations.

13.   The Purchased Assets shall be acquired by BWA, LLC free and clear of any lien, claim or encumbrance, except for Debtor's Secured Debtors, which BWA, LLC has expressly assumed.

14.   BWA, LLC shall not assume any liability not expressly listed and assumed in this Order.

-4-

15. A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities.

16. The Seller is the sole and lawful owner of the assets to be sold to BWA, LLC.

17. No qualifying or competing bids were submitted.

18. The offer of Purchaser to purchase the Debtor' assets is the highest and best offer received for the sale of the assets.

19. The purchase price to be paid by Purchaser is fair and constitutes reasonably equivalent value and reasonable market value for the Debtor's assets.

20. Purchaser is a good faith purchaser with respect to the assets, as that term is used in section 363(m) of the Bankruptcy Code. The sale to BWA, LLC was negotiated, proposed and entered into by the parties in good faith, from arm's length bargaining positions and without collusion, and the Purchaser therefore is entitled to the protections of section 363(m) of the Bankruptcy Code with respect to the assets. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the sale to be voided under section 363(n) of the Bankruptcy Code.

21. Except as specifically provided in this Order, Purchaser shall not assume or become liable for any pre-petition liens, claims, interests and/or encumbrances relating to the assets being sold by the Seller, unless expressly stated in the Motion or this Order. Any valid and enforceable liens, claims, interests and/or encumbrances shall attach to the proceeds of the sale with the same priority, validity, and enforceability as they had immediately before the closing of the sale.

22. The Debtor has articulated sound business reasons for selling the Assets as set forth in the Motion outside of a chapter 11 plan, and it is a reasonable exercise of the Debtor's business judgment to execute, deliver and consummate the sale with the Purchaser and consummate the transactions contemplated by the Motion and as set forth in this Order.

23. The terms and conditions of the sale, including the total consideration to be realized by the Seller, are fair and reasonable, and the transactions contemplated by the Motion, as approved by this Order, are in the best interests of the Debtor, its creditors and estate.

24. A valid business purpose exists for approval of the transactions contemplated by the

1   Motion pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code. The Seller may sell,

2   transfer and assign its assets free and clear of all liens, claims, interests and/or encumbrances in

3   accordance with sections 105 and 363 of the Bankruptcy Code. As a condition to purchasing the

4   assets, the Purchaser requires that (a) the assets be sold free and clear of all liens, claims,

5   encumbrances, options, rights of first refusal and other interests; and (b) the Purchaser shall have

6   no liability whatsoever for any obligations of or claims (including without limitation as defined in

7   section 101(5) of the Bankruptcy Code) against the Seller except those expressly assumed in this

8   Order. Purchaser would not enter into the sale and consummate the transactions contemplated by

9   the Motion, thus adversely affecting the Debtor's estate, if the sale to Purchaser was not free and

10  clear of all such liens, claims, encumbrances, options, rights of first refusal and other interests or if

11  Purchaser was or would be liable for any such obligations of or claims (including, without

12  limitation, as defined in section 101(5) of the Bankruptcy Code) against the Seller, except as

13  otherwise explicitly provided in the Agreement or this Order.

14      25. The transfer of the assets to the Purchaser is or will be a legal, valid and effective

15  transfer of the assets, and will vest the Purchaser with all right, title and interest in and to the

16  assets, free and clear of all liens, claims, interests and/or encumbrances, except those explicitly and

17  expressly excluded by the Purchaser in this Order.

18      26. A valid business purpose exists for approval of the assumption and assignment of the

19  Assumed Contracts by the Seller to the Purchaser in accordance with 11 U.S.C. §365.

20      27. The requirements of sections 363(b) and 363(f) of the Bankruptcy Code and any other

21  applicable law relating to the sale of the assets have been satisfied.

22      NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

23      **A. SALE OF ASSETS APPROVED; TRANSACTIONS AUTHORIZED.**

24      28. The Motion is GRANTED.

25      29. All objections to the Motion or the relief requested therein that have not been withdrawn,

26  waived, or settled, and all reservations of rights included in such objections, are overruled on the

27  merits and denied.

28      30. The Motion, sale and the transactions contemplated thereby are approved as modified by

this Order, and the Seller is hereby authorized and empowered to enter into, and to perform their obligations and to act as necessary to effectuate the sale without further corporate authorization or Order of this Court.

**B. TRANSFER OF THE ASSETS TO PURCHASER.**

31. The transfer of the assets to Purchaser constitutes a legal, valid and effective transfer and shall vest Purchaser with all right, title and interest of the Seller in and to the Assets so transferred.

32. This Order and the Agreement shall be binding upon, and shall inure to the benefit of, the Seller and Purchaser and their respective successors and assigns, including, without limitation, any chapter 11 trustee hereinafter appointed for the Seller or any trustee appointed in a chapter 7 case if the Debtor's case is converted from chapter 11.

33. The provisions of this Order authorizing the sale of the Assets free and clear of Liens and Claims (with such Liens and Claims to attach to the proceeds of the sale of the Assets as provided in this Order) shall be self-executing, and neither the Seller, the Purchaser nor any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale; provided, however, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the Agreement or this Order. Without in any way limiting the foregoing, Purchaser is empowered to execute and file releases, termination statements, assignments, consents, cancellations or other instruments to effectuate, consummate and/or implement the provisions hereof with respect to such sale.

34. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of the Assets to the Purchaser on the Closing Date.

**C. ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS AUTHORIZED.**

35. The requirements of section 365(b) of the Bankruptcy Code having been satisfied, the Seller is hereby authorized and empowered to assume and assign and sell the Assumed Contracts to the Purchaser under the Agreement free and clear of all Liens and Claims pursuant to sections 363 and 365 of the Bankruptcy Code.

36. Pursuant to section 365(k) of the Bankruptcy Code, effective upon the assignment of the Assumed Contracts to the Purchaser hereunder, the Seller shall be relieved from any further obligations under or related to the Assumed Contracts.

**D. GOOD FAITH PURCHASE.**

37. The purchase by Purchaser is a purchase in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code, and Purchaser is entitled to all of the protections afforded good faith purchasers by section 363(m) of the Bankruptcy Code.

38. The sale approved by this Order is not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code. The consideration provided by Purchaser for the Assets under the Agreement shall be deemed to constitute reasonably equivalent value and fair consideration.

**E. MAINTENANCE OF FINANCIAL RECORDS; ACCESS THERETO.**

39. Notwithstanding anything to the contrary contained in the Agreement, all financial books and records of Seller which remain in the possession of Purchaser after the Closing Date (the "Financial Records"), are subject to the right of the Debtor, the Committee and any subsequently appointed trustee (including without limitation a trustee appointed pursuant to a plan of reorganization to liquidate the Debtor's remaining assets) to review and copy the Financial Records, at such trustee's sole cost and expense, during normal business hours and upon reasonable notice until the date the Debtor's bankruptcy case are closed or dismissed by Order of the Court.

40. The Purchaser agrees that prior to destroying or otherwise disposing of any of the Financial Records, Purchaser shall provide written notice to the Debtor (as provided for in the Agreement) and/or the Committee or any trustee appointed, of its intent to dispose of or destroy the Financial Records. The Seller and/or Committee or trustee appointed shall have thirty (30) days from the date notice is given to take possession of or copy the Financial Records, at their sole cost and expense.

**F. INJUNCTION**

41. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer substantially all of Debtor's assets to the

1    Purchaser in accordance with this Order. Following the Closing Date, except for persons entitled to

2    enforce assumed liabilities and permitted liens, all persons (including, but not limited to, the

3    Debtor and/or their respective successors (including any trustee), creditors, investors, current and

4    former employees and shareholders, administrative agencies, governmental units, secretaries of

5    state, federal, state, and local officials, including those maintaining any authority relating to any

6    environmental, health and safety laws, and the successors and assigns of each of the foregoing)

7    holding interests in the acquired assets or against the Debtor in respect of the acquired assets of

8    any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently

9    enjoined from asserting, prosecuting, or otherwise pursuing any Interests of any kind or nature

10   whatsoever against the Purchaser or any affiliate of the Purchaser or any of their respective

11   property successors and assigns, or the acquired assets, as an alleged successor or on any other

12   grounds, it being understood that nothing herein shall affect assets of the Debtor that are not

13   acquired assets.

14       42. No Person shall assert, and the Purchaser and the acquired assets shall not be subject to,

15   any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise,

16   including, without limitation, any right of recoupment), liabilities, claims and interests, or basis of

17   any kind or nature whatsoever to delay, defer, or impair any right of the Purchaser or the Debtor,

18   or any obligation of any other party, under or with respect to, any Acquired Assets, with respect to

19   any act or omission that occurred prior to the closing or with respect to any other agreement or any

20   obligation of Debtor that is not an expressly assumed liability.

21       43. Following the closing of the sale to BWA, LLC, no holder of any Interest shall interfere

22   with the Purchaser's title to, or use and enjoyment of, the acquired assets based on, or related to,

23   any such interest, or based on any actions the Debtor may take in its Chapter 11 Case.

24   **G. TRANSFER FOR POST OFFICE BOXES, PHONE NUMBERS AND UTILITIES.**

25       44. The following Post Office Boxes shall be transferred from Debtor to BWA, LLC:

26                      PO Box 324                    PO Box 174
27                      Honomu, HI 96727              Hakalau, HI 96710

28

45.  The following telephone numbers shall be transferred from Debtor to BWA, LLC:

808-963-5427          888-947-4753          808-934-9105

808-934-9106          808-963-5441          808-963-5442

808-895-8459

**H. ADDITIONAL DECREES.**

46. The recitals and findings of facts set forth above are hereby incorporated as a part of this Order.

47. As provided by Fed. R. Bankr. P. 6004(h), 6006(d) and 7062, this Order shall be effective and enforceable immediately upon entry. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

48. The provisions of this Order are nonseverable and mutually dependent.

49. Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any such plan shall conflict with or derogate from the provisions of the Agreement or the terms of this Order.

50. This Order shall be binding upon and inure to the benefit of the Debtor, Purchaser, Committee, and each of their respective former, present, and future assigns, predecessors, successors, affiliates, parent companies, subsidiaries, controlled companies, employees, officers, directors, shareholders, principals, members or agents, whether a signatory hereto or not, including, but not limited to, any subsequently appointed trustee (including without limitation a chapter 7 trustee).

51. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Motion and to resolve any dispute concerning this Order, the Motion, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Motion and this Order, including, but not limited to, interpretation of the terms, conditions and provisions thereof, and the status, nature and extent of the Assets, and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of

1    Liens and Claims.

2        52. The division of this Order into sections or other subdivisions and the insertion of

3    headings are for convenience of reference only and shall not affect or be utilized in construing or

4    interpreting this Order.

5        53. Entry of this Order is in the best interests of the Debtor, the Debtor's estate, its creditors,

6    and other parties in interest.

7            IT IS SO ORDERED.                                    # # #

8    SUBMITTED BY:

9

10   ARMSTRONG TEASDALE LLP

11           /s/ Louis M. Bubala III
     By: _____
12       LOUIS M. BUBALA III, ESQ.
     Counsel for Experience Based Learning, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28